IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIM COSTALEZ,

    Plaintiff,

v.                                                       CIV No. 01-929 JC/DJS

MALLON RESOURCES CORPORATION
a Colorado Corporation, and MALLON OIL
COMPANY, a Colorado Corporation,
GEORGE O. MALLON, JR.,
DONALD M. ERICKSON, JR., ROBERT
BLAYLOCK and RON SANSONI,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) and Brief in Support Thereof, filed October 22, 2001 (*Doc. 5),* and Defendants' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed October 22, 2001 (*Doc. 7*). The Court has reviewed the motions, the memoranda, and the relevant authorities. The Court finds Defendants' Motion to Strike is not well taken and is denied. The Court further finds Defendants' Motion for Partial Dismissal is not well taken and is also denied.

    **I.    Background**

Defendants Mallon Oil and Mallon Resources, Colorado corporations, are engaged in oil and gas exploration and production, with their production properties primarily situated in New Mexico.

The corporations' operations are regulated by numerous state, federal and tribal governmental agencies. Plaintiff, Jim Costalez, a New Mexico citizen, began working for Mallon Oil and Mallon Resources in 1993 and continued with them in a variety of positions until his termination on June 18, 2001. Beginning in approximately 1999, Mallon Oil and Mallon Resources employed Plaintiff as plant/production foreman. In late February 2001, Plaintiff was moved from plant/production foreman to the newly created position of construction foreman. Plaintiff obtained a small salary increase and was informed that the transfer was a promotion.

Plaintiff claims that this transfer was not a promotion, but, in fact, was in retaliation for his statements and complaints on various occasions regarding alleged violations of governmental requirements by the corporations. According to Plaintiff, Blaylock and Sansoni stated that they had to make the transfer "look like a promotion to Jim," and that they obtained money and authorization so "it [would] look[] like a promotion." *See* Complaint for Damages for Retaliatory Discharge and Civil Conspiracy with Jury Demand (Complaint), filed August 14, 2001, 6 (*Doc. 1*). Plaintiff states that the transfer deprived him of any supervisory duties and removed him from locations where he would have the opportunity to report any further violations. Plaintiff also claims that he was moved into the new position with the intention that it would soon be eliminated and he thus would be fired.

On approximately May 1, 2001, Plaintiff was asked, and he agreed, to aid in the startup of the Amine Sweetening Plant. Shortly thereafter, the Plant went into critical mode, posing a serious risk of injury or death to Plaintiff and others. Plaintiff, however, controlled the situation and avoided any injury to himself or the other workers. On May 6, after the incident, Plaintiff wrote to Defendant Mallon describing the situation and complaining about the lack of commitment to safety on the part of Mallon Oil and Mallon Resources. Plaintiff states that upon receipt of the letter, he was put on

leave of absence and Defendants informed other employees to avoid contact with Plaintiff. On June 11, 2001, Plaintiff was returned to work and was assigned to clean up "the yard, a menial position not within his scope of responsibilities." *See* Complaint at 7. Then on June 18, 2001, Defendant Blaylock informed Plaintiff that his employment with Mallon Oil and Mallon Resources was terminated immediately and that he would be given two weeks of pay. Plaintiff also was asked to sign a release promising not to sue in return for $5,000.00. Plaintiff refused and now brings this action claiming retaliatory discharge and civil conspiracy against Defendants.

## II.     Standard of Review

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *See Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976); Mangels v. Pena, 789 F.2d 836, 837 (10th Cir.1986). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *See Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *See id*. The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.    Discussion

### A.     *Defendants' Motion to Strike*

Defendants assert that portions of Plaintiff's Complaint should be stricken under FED. R. CIV. P. 12(f) and Fed R. Civ. P. 408. Specifically, the sentences of paragraph 43 and 44 at issue state that the "Plaintiff was also informed that if he signed a letter releasing Mallon Oil and Mallon Resources

from liability and promised not to sue them he would be given an additional $5,000. He was given only one hour to consider the letter." *See* Defendants' Motion to Strike, filed October 22, 2001, 1 (*Doc. 5*). In paragraph 44, Plaintiff states that he "refused to sign the letter." *See id.*

Motions to strike are usually denied unless the allegations may prejudice one of the parties or they have no relation to the case at hand. *See Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998). The Court finds that the statements at issue do not prejudice Defendants and may be relevant. As Plaintiff also points out, FED. R. EVID. 408 governs admissibility and thus does not concern pleadings or motions to strike. Moreover, Defendants' motion does not cite any supporting authority for its legal argument. *See Primas v. Okla. City,* 958 F.2d 1506, 1511 (10th Cir. 1992) (A party must support its arguments with legal authority.). Defendants' motion is therefore denied.

B.   *Defendants' Motion for Partial Dismissal of Plaintiff's Complaint*

Defendants argue that Plaintiff's civil conspiracy claim (Count II) should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). In Defendants' Brief in Support of Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dfs' Brief), filed October 22, 2001 (*Doc. 8*), Defendants attack Plaintiff's civil conspiracy count on two fronts: (1) Defendants argue that a conspiracy did not exist between two or more individuals, and (2) that there was no underlying independent unlawful act upon which to predicate the civil conspiracy charge. For the reasons stated below, both arguments fail.

i.   *The existence of a civil conspiracy*

To establish Defendants' liability for a civil conspiracy, Plaintiff must satisfy a three-prong analysis: (1) Plaintiff must demonstrate that a conspiracy existed between two or more individuals;

(2) Plaintiff must show that Defendants carried out specific wrongful acts pursuant to the conspiracy; and (3) Plaintiff must demonstrate that he was damaged as a result of these acts. *Ettenson v. Burke*. 2001-NMCA-003, *12.

Defendants argue that a conspiracy did not exist between two or more people, as a corporation "cannot conspire with its own agents or employees." *See* Defendants' Reply to Plaintiff's Response to Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed October 22, 2001, 4 (*Doc. 10)*. This argument is misplaced, however, for the Defendants conveniently ignored the latter part of this proposition which stated that corporate officers *may* conspire with their corporations when their actions are as individuals and for their own individual gain. *See EEOC v. MTS Corp.*, 935 F. Supp. 1503, 1513 n. 3 (D.N.M. 1996). Corporate officers, thus, may only interfere with their corporation's contracts when their acts are in good faith and are in the best interest of the corporation. *See Ettenson* at *17. Corporate officers, therefore, are not entitled to absolute immunity. Instead, upon the charge of conspiracy, they must plead the affirmative defense of a qualified privilege. "A qualified privilege is more attune with our [New Mexico's] own case law than a blanket provision of absolute immunity would be." *See Ettenson* at *20.

In the present case, Plaintiff has sufficiently pled facts to demonstrate that a conspiracy existed between two or more individuals. Plaintiff alleges that Defendants Mallon, Erickson, Blaylock and Sansoni entered into an agreement to "eliminate any person who stood in the way of or refused to participate in their scheme [of violating environmental, health and safety standards] by transferring and/or terminating" their employment. *See* Complaint at 10. Plaintiff further asserts that he was fired because he refused to cooperate in this alleged scheme. *See id.* at 11. The Court, therefore, finds that

Plaintiff has pled facts adequate to meet this element of his civil conspiracy claim.

*ii.     Independent and unlawful act requirement*

To overcome a motion to dismiss, a plaintiff must demonstrate that his civil conspiracy claim is predicated upon an underlying unlawful act, as "the gist of the action is the damage arising from the acts done pursuant to the conspiracy." *Las Luminarias of the New Mexico Council of the Blind v. Isengard*, 92 N.M. 297, 300 (N.M. Ct. App. 1978) (citations omitted). To allege a conspiracy, the plaintiff may plead either via direct allegations or by allegations of circumstances from which the court may reasonably infer that a conspiracy existed. *See id*.

Here, the Court finds that Plaintiff has sufficiently pled the underlying unlawful act of tortious interference with contract. To establish tortious interference with contract, Plaintiff must demonstrate that: (1) Defendants Mallon, Erickson, Blaylock and Sansoni had knowledge of the contract between Plaintiff and Mallon Oil and Mallon Resources; (2) performance of the contract was refused; (3) Defendants Mallon, Erickson, Blaylock and Sansoni played an active and substantial part in causing Plaintiff to lose the benefits of the contract; (4) damages occurred due to the breached contract; and (5) Defendants Mallon, Erickson, Blaylock and Sansoni induced the breach without justification or privilege. *Ettenson* at *14 (citations omitted).

First, the Complaint adequately demonstrates that Defendants Mallon, Erickson, Blaylock and Sansoni were all ranking officials in Mallon Oil and Mallon Resources who had contact with Plaintiff in his official capacity. *See generally Complaint.* Plaintiff thus meets the first element. Second, Plaintiff states that he was fired on June 18, 2001, indicating that performance of his contract was refused. *See Complaint* at 7. Third, the Complaint indicates that Defendants Mallon, Erickson, Blaylock and Sansoni were instrumental in Plaintiff's termination due to his refusal to participate in

alleged violations of environmental, health and safety requirements. Specifically, the Complaint states that these individual defendants entered into an agreement to eliminate anyone who refused to cooperate in their alleged violations of governmental requirements. The Complaint further alleges various instances when Plaintiff refused to cooperate or raised concerns regarding the actions of the corporation. Finally, the Complaint states that Defendant Blaylock was the individual who informed Plaintiff that he was fired. *See id.* at 7, 9. Due to these specific allegations, Plaintiff meets the third prong. Fourth, Plaintiff alleges damages due to his termination. *See id.* at 11. Finally, Plaintiff sufficiently alleges that the individual Defendants' interference with his contract was not privileged. As stated previously, corporate officers are only immune from suit if they, as defendants, affirmatively assert qualified privilege and demonstrate that their actions were in good faith and in the best interests of the company. *See Ettenson* at *20-21. Plaintiff's allegations that he was fired because he refused to cooperate with individual Defendants' alleged scheme to violate various governmental regulations is sufficient to assert that the individual Defendants induced the breach without justification or privilege. Defendants' partial motion to dismiss due to a lack of an underlying wrongful act is, therefore, denied.

**IV.     Conclusion**

Defendants' motion to strike is denied, as the Court has determined that the statements do not create any prejudice and may have some relation to the case. Moreover, they are barred under FED. R. EVID. 408. Defendants' motion for dismissal of Plaintiff's civil conspiracy claim is also denied, as Plaintiff alleges the necessary facts to surmount this first hurdle in his claim against Defendants. Defendants Mallon, Erickson, Blaylock and Sansoni first attempt to assert that they, as agents of the corporation, cannot be sued individually. This argument fails, however, for corporate

officers may be liable when they act outside of their scope of authority. Furthermore, corporate officers are not absolutely immune from suit. Instead, they only have a qualified privilege, which they must assert as an affirmative defense. Defendants' second argument claims that Plaintiff failed to assert an underlying unlawful tort. As stated herein, this argument also fails, for Plaintiff pleads sufficient facts to allege tortious interference with contract.

Wherefore,

IT IS ORDERED that Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f), filed October 22, 2001 (*Doc. 5)*, is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed October 22, 2001 (*Doc. 7)* is DENIED.

DATED February 1, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Noeding & Moody, P.C.
    Christopher M. Moody
    Albuquerque, New Mexico

Attorneys for Defendants:
    Holme Roberts & Owen, L.L.P.
    Richard L. Nagl
    Ashley W. Jordaan
    Colorado Springs, CO

    Wiggins Campbell & Wells, L.L.P.
    Lorna M. Wiggins
    Marianne Hill
    Albuquerque, New Mexico